## 7183

### OXNER v. WESTERN UNION TEL. CO.

1. TELEGRAPH COMPANIES—PUNITIVE DAMAGES.—That a message was received in a city in which a disastrous fire was raging for an addressee who lived only a few blocks from the telegraph office and had so lived for a number of years, who was known to the regular messenger but not to the operator, but on account of the unusual rush of business on that day a special messenger had been employed,

who was given the message and made several unsuccessful efforts to deliver, *held,* not to support a verdict for punitive damages.

2. Rehearing refused.

Before Gary, J., Newberry, November term, 1907. Reversed.

Action by Annie P. Oxner against Western Union Telegraph Co. From judgment for plaintiff, defendant appeals.

*Messrs. Geo. H. Fearons, Jno. Gary Evans, Hunt, Hunt & Hunter,* for appellant.

*Messrs. Blease & Dominick,* contra.

The opinion in this case was filed January 30th, but remittitur held up on petition for rehearing until

May 5, 1909. The opinion of the Court was delivered by

Mr. Justice Jones. This action was brought to recover damages for mental anguish resulting from alleged wilful, wanton, and gross negligence of the defendant in failing to deliver a telegram filed by plaintiff with defendant's agent March 30, 1907, at Whitmire, S. C., for transmission and delivery to George W. Pearson at Newberry, S. C. The complaint alleged that the plaintiff having heard that a disastrous fire had occurred in the town of Newberry, and that the house of her father, George W. Pearson, with whom resided her two small children, was included in the burned district, she delivered for transmission to him this message, "Are you safe? Answer," and suffered mental anguish because of defendant's wanton failure to deliver the message. On the motion for nonsuit, the Circuit Court held that there was no proof of the contents of the message, and no testimony of any notice to defendant that plaintiff's children were in any precarious condition, and hence that there was

no evidence of mental anguish; but nevertheless the Court held that the case should be submitted to the jury, because there was testimony that the plaintiff had paid 25 cents for the delivery of a message which was never delivered, and it was for the jury to say whether there was a wilful or wanton failure to deliver.

The jury rendered the following verdict: "We find for the plaintiff $510 on account of wantonness." On the motion for new trial the Court held that there was some evidence of actual damages, the amount paid for the delivery of the message, and there was some evidence of a wilful failure to deliver, and so refused to set aside the verdict.

We do not deem it important to consider the exceptions in detail. The vital and controlling question is whether there was any evidence of wilfulness. If there was, the exceptions show no reversible error: if there was not, there should be a reversal.

The evidence tends to show that, a very disastrous fire having occurred in the town of Newberry, there was an unusual flood of telegraphic messages, between 300 and 400 coming in and going out of the Newberry office, so much so that one or two assistant operators and an extra messenger boy were employed. The messengers were kept very busy all day delivering messages. The managing operator, Miss Dean, had lost all her property in the fire, but remained at her post. The message in question was promptly received at the Newberry office at 4:10 p. m., and at 8:15 p. m. was reported undelivered to the Whitmire office, with request for a better address, to which no answer was received. At that time plaintiff had returned to her residence, several miles from Whitmire, and so far as appears no better address was left at the Whitmire office. The message on its receipt was promptly given to Carl Epting, the extra messenger boy. He brought it back to the office two or three times during that afternoon, and was each time sent out again with the message and others for delivery. The opera-

tor had taken charge of the office several months before, but did not know Mr. George W. Pearson or his address, nor did the messenger boy in charge of this message know him or his address, although it appears that Mr. Pearson was an old citizen and resident of the town, living within several blocks of the telegraph office. The regular messenger boy, Ellison Adams, knew Mr. Pearson, and, if the message had been placed in his hands, he stated that he would have delivered it. When the operator, Miss Dean, was asked why she did not turn over the message to the regular messenger boy, she stated as soon as the extra messenger brought back the message she would start him out again, and in the meantime the regular messenger boy had gone out of the office. The messenger Epting testified that he had made three efforts to find Pearson, that he inquired at the hotels and examined the register, inquired at the postoffice and of other persons whose names he could not mention.

While the evidence did leave room for an inference that greater diligence would probably have resulted in a delivery of the message and so support a verdict for compensatory damages, there was no reasonable foundation for an inference that there was a wilful or wanton neglect of duty warranting punitive damages, in view of the undisputed evidence of effort to deliver and the extraordinary circumstances of difficulty attending the conduct of defendant's business on that occasion.

The judgment of the Circuit Court is reversed.

MR. CHIEF JUSTICE POPE, *dissenting.* This was an action brought by Annie P. Oxner, plaintiff, against the Western Union Telegraph Company, defendant, under the following circumstances described in the complaint and adduced in the plaintiff's testimony: Mrs. Annie P. Oxner on the 30th day of March, 1907, was engaged in teaching school, and boarded with the family of Mr. George F. Abrams, about four miles distant from the town of Whitmire, in Newberry

33—82

county, S. C.   She had been alarmed by hearing that a very destructive fire had occurred in the town of Newberry, S. C., on that day, and that a large portion of the town was burned up, and that her parents, Mr. and Mrs. George W. Pearson, with whom there was at that time her only two children, infants of nine and four years, resided in the said burnt district.   That Mrs. Oxner applied to Mr. George F. Abrams to carry her to the town of Whitmire, where she sent the following telegram to her said father, Mr. George W. Pearson: "Are you safe?   Answer. Annie P. Oxner."   That Mrs. Oxner paid the usual price for sending the telegram, 25 cents, and remained in the town of Whitmire in order to receive the answer.   That the said telegram was sent by the telegraph company and received at 10 minutes past 4 o'clock by the said company; but, although at that early hour in the afternoon, no answer was sent.   That, although the said George W. Pearson had lived for 41 years at a distance of only three or four squares from the spot where the telegram was received, no service was made upon him on the 30th day of March, 1907, or at any other time by the said defendant telegraph company. That no reply of any kind was ever served upon the plaintiff, although she waited for hours therefor, only leaving the town of Whitmire in time to reach her home, four miles distant, before night of that day.   That she suffered great mental anguish because of said wanton, wilful, and grossly negligent failure to deliver the said telegram.   She claims damages therefor in the sum of $1,999.

The defendant by its answer denies all the allegations in the complaint, except that the defendant was a corporation and had its regular offices in the said towns.

The cause came on for trial before his Honor, Judge Ernest Gary, and a jury, at the November term, 1907, of the Court of Common Pleas for Newberry county.   The jury rendered a verdict in favor of the plaintiff, which, after a motion for a new trial being refused, judgment was en-

tered therefor; and from this judgment the defendant now appeals upon several grounds, which we will consider in their order.

The exceptions are as follows:

(1) " Because his Honor erred in allowing, over objection of defendant's attorneys, Mr. George W. Pearson to answer the following question: 'The plaintiff here, Mrs. Oxner, alleges in her complaint that she forwarded the following telegram: "Mr. George W. Pearson, Newberry, S. C., Are you safe? Answer. Annie P. Oxner." If such a telegram had been received by you from your daughter, would you or not have answered?' (a) In that there was no allegation in the complaint that Mr. Pearson, the sendee of the telegram, would have answered. (b) In that the Court could not take judicial notice or make judicial inquiry as to what the sendee of the telegram would or would not do upon its receipt. (c) In that plaintiff has never proved such telegram was ever filed with the defendant company for transmission and delivery to Mr. George W. Pearson.

(2) "Because his Honor erred in not granting a nonsuit where there was no testimony to show that the defendant had broken the contract alleged in the complaint, in that the plaintiff failed to prove that the telegram set out in the complaint and the basis of said contract was ever delivered to defendant for transmission.

(3) "Because his Honor erred in not granting a nonsuit when plaintiff failed to show the contents of the telegram set out in the complaint, and which was the sole basis of the contract alleged by her, and the sole basis of the damages she claimed to have sustained, and thereby failed absolutely to prove any such contract with the defendant, as was set up in the complaint.

(4) "Because his Honor erred in not granting a nonsuit when the plaintiff failed to show by the evidence that she had any contract with the defendant for the transmission and delivery of the telegram set out in the complaint.

(5) "Because his Honor erred in not granting a nonsuit after holding that the plaintiff had failed to make out a case for damages for mental anguish, and in submitting the case to the jury to say whether the plaintiff had received actual damages by reason of breach of contract in that this was a case of tort for mental anguish arising out of breach of contract, and was not a case of simple breach of contract.

(6) "Because the presiding Judge erred in holding that this was a suit for breach of contract as well as a suit on tort, and that plaintiff was entitled to have the case submitted to the jury to determine whether there was a breach of contract, and whether plaintiff had been damaged thereby.

(7) "Because his Honor erred in not granting a new trial on the ground that the testimony was not sufficient to support the verdict, in that: (a) The verdict was for punitive damages entirely, and there was no testimony of wilfulness, wanton or gross negligence. (b) The verdict, being for punitive damages entirely, and there being no testimony of wilfulness or wantonness or from which wilfulness or wantonness could be inferred, except the testimony of long delay in delivering the telegram, and this being explained by undisputed evidence, could not support an inference of wilfulness or wantonness and a verdict for punitive damages.

(8) "Because his Honor erred in not granting a new trial on the ground that there was no testimony to show that the telegram, set out in the complaint, was ever delivered to the defendant for transmission.

(9) "Because his Honor erred in not granting a new trial on the ground that there was no testimony to show that there was any contract between plaintiff and defendant for the transmission and delivery of the telegram set out in the complaint, which is the basis of this action.

(10) "Because his Honor erred in not granting a new trial on the ground that the verdict of the jury was for puni-

tive damages alone, and there could be no punitive damages without actual damages.

(11) "Because his Honor erred in not granting a new trial on the ground that the verdict of the jury is excessive and unwarranted by the testimony, in that there was no testimony to show a contract between plaintiff and defendant for the delivery of the telegram set out in the complaint, and there was no testimony to show wilfulness or wantonness on the part of the defendant."

First. We agree with the Circuit Judge that it was competent for Mr. George W. Pearson to answer the question here excepted to; Mrs. Oxner having alleged in her complaint that she sent to her father a telegram. But the answer to this question is not material, having reference to a question of mental anguish; his Honor having eliminated mental anguish from the decision of the case. We overrule this exception.

Subdivisions a, b, and c. Having decided that the answer to this question was not material, these subdivisions are also overruled.

Second, Third, Fourth, and Fifth. The Circuit Judge held that a nonsuit was proper so far as the question of mental anguish was concerned, and granted a nonsuit to that extent; but he rightly left to the jury the question of compensatory damages and breach of contract, as the undisputed testimony shows that the said telegram has never been delivered, although received, and 25 cents paid to the defendant by the plaintiff, which was admitted by the defendant's witnesses. These exceptions are overruled.

Sixth. It was in proof that the plaintiff had delivered to the defendant a dispatch for transmission, and the defendant admitted that fact. Of course, therefore, the question of breach of contract was admitted, and the question of what amount of damages the plaintiff had received was a subsisting question before the jury. The Judge did not answer what the jury should find, but left it entirely with them, and

the jury have answered by their verdict. This exception is overruled.

Seventh, Eighth, Ninth, Tenth, and Eleventh. As we have before held, there is no doubt that the plaintiff paid the defendant 25 cents as the cost of the telegram sent; and it is further admitted in the testimony of the defendant's agent that she received the telegram, and has not delivered the same at any time, although Mr. Pearson has been a resident of this city for over 40 years, and a freeholder for about 21 years. George W. Pearson was the addressee of the telegram, whatever it was, and the defendant admitted that it never delivered such telegram to the sendee, or the telegraph company made no report to the plaintiff at any time since.

The question was, therefore, left open as to the motive of the defendant by such conduct. These exceptions are overruled.

The judgment of this Court should be that the judgment of the Circuit Court be affirmed.

May 5, 1909. PER CURIAM. After careful consideration the Court is unable to discover that any material question involved has been either overlooked or disregarded.

It is therefore ordered that the petition for rehearing be dismissed and the order staying remittitur revoked.